**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | CASE NO. 1:12-cv-01915 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| H. NGUYEN, | (ECF No. 1) |
| Defendant. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran, brings this civil rights action against Defendant Dr. H. Nguyen, M.D., a physician employed by the Department of Corrections and Rehabilitation at Corcoran. Plaintiff claims that he was subjected to inadequate medical care, such that it violated the Eighth Amendment prohibition on cruel and unusual punishment.

Plaintiff's complaint is difficult to discern, due to poor handwriting. Plaintiff appears to allege that he suffers from high blood pressure, and that he is dissatisfied with the level of care provided by Dr. Nguyen. Plaintiff also alleges that he suffers from "a history of fractured healed bones." Plaintiff refers to medication and pain management, and also indicates that the stress of prison life is responsible for his high blood pressure.

    **A.   Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

2

1  deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059
2  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
3  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
4  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
5  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
6  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
7  make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely
8  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

9   Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff sets forth generalized
10 allegations regarding his health care, and identifies Dr. Nguyen.  To state a claim under section 1983,
11 a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant
12 deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles,
13 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that
14 person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act
15 which [that person] is legally required to do that causes the deprivation of which complaint is
16 made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d
17 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some
18 kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts
19 by others which the actor knows or reasonably should know would cause others to inflict the
20 constitutional injury.'" Id. (quoting Johnson at 743-44).

21  Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to
22 hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
23 that defendant is employed and in what capacity, and explain how that defendant acted under color
24 of state law.  Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must
25 describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.
26 Plaintiff has failed to do so here.

27  Further, Plaintiff must present to the Court an amended complaint that is legible.  The
28 amended complaint may be handwritten, but must be legible.  The amended complaint may be

handwritten by another inmate, but must, at minimum, be signed by Plaintiff. Plaintiff is cautioned that if the Court can not read his complaint, it can not order service upon any defendants.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended

4

complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: April 3, 2013        /s/ Gary S. Austin
                            UNITED STATES MAGISTRATE JUDGE