# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

        Plaintiff,

    vs.

G. ADAME, et al.,

        Defendants.

1:12-cv-01915-GSA-PC

ORDER DENYING MOTION FOR RECONSIDERATION AND FOR APPOINTMENT OF COUNSEL
(Doc. 17.)

## I.    BACKGROUND

Roberto Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 26, 2012.  (Doc. 1.)  On December 6, 2008, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. 636(c), and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On June 12, 2013, the court dismissed this action based on Plaintiff's failure to state a claim, and judgment was entered.  (Docs. 13, 14.)  On July 1, 2013, Plaintiff filed a motion for

reconsideration of the district court's order dismissing this action.  Plaintiff also requested appointment of counsel to assist Plaintiff with litigation of this case.  (Doc. 17.)

## II.    MOTION FOR RECONSIDERATION

### A.    <u>Legal Standard</u>

The Court has discretion to reconsider and vacate a prior order.  <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir. 1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  <u>See</u> <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

### B.    <u>Plaintiff's Motion</u>

Plaintiff argues that the court should reconsider its order dismissing this action because his Complaint contains cognizable claims.  Plaintiff asserts that his medical claim against Dr. Nguyen in this case is similar to Plaintiff's claim against Dr. Burgett in case 2:10-cv-01280-GEB-DAD, and the court found cognizable claims under the Eighth Amendment in case 2:10-cv-01280-GEB-DAD against Dr. Burgett.   Plaintiff asserts that he failed to file an amended complaint pursuant to the court's order of April 3, 2013, because he didn't know how to amend the complaint or what to do next.  Plaintiff requests that this case be reopened, and that counsel be appointed to assist him with this case.

### C.    <u>Discussion</u>

Plaintiff's argument that this case should be reopened because his Complaint states a claim is unpersuasive, because this case was dismissed as a result of Plaintiff's failure to comply with a court order, not as a result of his failure to state a claim in the Complaint.

On April 3, 2013, the court dismissed Plaintiff's Complaint for failure to state a claim, with leave to file an amended complaint within thirty days.  (Doc. 8.)  The court's order gave Plaintiff ample guidance, setting forth the relevant legal standards and informing Plaintiff of the deficiencies in his Complaint.  Id.  On April 22, 2013, Plaintiff filed a motion for extension of time to file the amended complaint, and on May 2, 2013, the court granted Plaintiff a thirty-day extension of time.  (Docs. 9, 12.)  Plaintiff failed to file the amended complaint or any other response to the court's order before the thirty-day extended deadline expired.  (Court Record.)  At this stage of the proceedings, there was no complaint on file that stated a cognizable claim.  Therefore, on June 12, 2013, the court dismissed the case for Plaintiff's failure to state a claim.  (Doc. 13.)

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, the motion for reconsideration and for appointment of counsel shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration and for appointment of counsel, filed on July 1, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **July 9, 2013**                                      **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE